### ALLIGER *v.* MAIL PRINTING ASS'N.

#### (*Supreme Court, General Term, First Department.* June 29, 1892.)

NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

    In an action for libel in publishing of defendant that he had been arrested on a charge of forgery, newly-discovered evidence that plaintiff was once arrested on the charge of conversion is no ground for granting defendant a new trial, it appearing that the action of conversion was voluntarily discontinued without the payment of anything by plaintiff, such evidence having no bearing on the damages sustained by reason of the libel.

Appeal from special term, New York county.

Action by Richard D. Alliger against the Mail Printing Association for libel. Judgment for plaintiff. From an order denying motion for a new trial, on the ground of newly-discovered evidence, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and PATTERSON, JJ.

*J. Lindley,* for appellant. *Donohue, Newcombe & Cardozo,* (*B. N. Cardozo,* of counsel,) for respondent.

VAN BRUNT, P. J. This action was brought to recover damages for a libel published by the defendant. It appears that the defendant, in the month of September, 1887, published in the columns of its newspaper a statement that the plaintiff had been arrested in a criminal proceeding on a charge of forgery. Upon the trial of the action, no attempt was made by the defendant to justify the libel, and the plaintiff recovered a verdict in his favor. Subsequently a motion for a new trial was made at special term, on the ground that material facts had but lately been brought to the defendant's knowledge and attention; it being claimed that upon the trial the plaintiff swore that he had never been arrested, whereas, in fact, in 1870 he had been arrested in an action for conversion. But it appeared from the papers submitted upon the motion that this action had been voluntarily discontinued, and that the plaintiff had never paid to the plaintiffs in that action any money in settlement thereof. Even if it had been true that, upon the trial of this action, the testimony had been given by the plaintiff as contended for by the defendant upon this motion, it seems to us it would have been a great stretch of the power of the court to order a new trial upon such facts as are set forth upon the moving papers. But an examination of the record shows beyond question that no such testimony was given by the plaintiff. When he was asked, "You were never arrested?" the context shows that it was the understanding both of the counsel and the witness that he was never arrested as charged in the defendant's newspaper. The libel was the charge of arrest. And the wit-

ness, after having stated that the libel was repeated in the same paper as the retraction, was asked: "You were never arrested? *Answer.* No. *Q.* Never guilty of forgery? *A.* No,"—clearly showing that the arrest spoken of related to an arrest for forgery. There would seem, therefore, to be no ground whatever for disturbing the verdict, as the newly-discovered evidence could not possibly have any material bearing upon the damages sustained by reason of the libel. The order should be affirmed, with costs. All concur.